TOM PETRUS & MILLER LLLC

RICHARD B. MILLER 3729-0
Tel (808) 792-5855
rmiller@tpm-hawaii.com
ASHLEY R. SHIBUYA 10200-0
Tel (808) 792-5804
ashibuya@tpm-hawaii.com
THURSTON A. KINO 11558-0
Tel (808) 792-5827
tkino@tpm-hawaii.com
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OFF SHORE AIR INC.,<br><br>Defendant. | CIVIL NO. CV ________________<br>(Declaratory Judgment)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), by and through its counsel, Tom Petrus & Miller, LLLC, for its complaint against the above-named defendant alleges and avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois.

2. Upon information and belief, Defendant Off Shore Air Inc. ("OSA") is and was, at all times relevant hereto, a Hawaii Corporation with its principal place of business in the State of Hawaii.

3. There is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.

4. State Farm brings this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 asking this court to determine, as a matter of law, that State Farm has no duty to defend or indemnify OSA for the claims asserted against it in a certain Underlying Lawsuit, described below.

5. There is an actual and continuing controversy between State Farm and OSA.

6. All or a substantial portion of the events giving rise to this action occurred within the County of Hawaii, State of Hawai'i.

7. Venue lies in this court pursuant to 28 U.S.C. § 1391.

THE UNDERLYING LAWSUIT

8. On or about December 22, 2021, Kona Hospitality, LLC, dba Holiday Inn Express & Suites Kailua-Kona (hereafter "Kona Hospitality" or "Kona") (not a party hereto) filed a Complaint against OSA in the Circuit Court of the Third Circuit, State of Hawaiʻi, encaptioned, Kona Hospitality, LLC, et. al. v. Off Shore Air Inc., et. al., Civil No. 3CCV-21-0000377 (the "Underlying Lawsuit").

9. In the Underlying Lawsuit, Kona Hospitality alleges that OSA contracted with Kona in 2013 to design and install an air conditioning and ventilation system in Kona's new Holiday Inn Express hotel in Kailua-Kona.

10. The lawsuit complaint further alleges that in 2016, Kona began receiving complaints about dampness, mold, mildew, excessive moisture and odors in the hotel's guestrooms, and that an engineering analysis indicated that the HVAC system installed by OSA was defective and must be redesigned, and new equipment installed.

11. The Underlying Lawsuit further alleges that Kona has suffered damage to its property as a result of OSA's alleged defective work.

12. Kona Hospitality is asserting claims against OSA for breach of contract, breach of express and implied warranties, express contractual indemnity, declaratory relief and negligence.

THE POLICY

13. Prior to the above events, State Farm had issued to OSA an "Artisan and Service Contractor Policy", No. 91-BH-M014-2, with coverage commencing on February 6, 2018 (the "Policy").

14. The Policy was written on State Farm Businessowners Coverage Form CMP 4100, which included the following relevant provisions:

> **Coverage L – Business Liability**
>
> **1.** When a Limit Of Insurance is shown in the Declarations for Coverage L - Business Liability, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. But:
>
> a. The amount we will pay for damages is limited as described in **SECTION II - LIMITS OF INSURANCE**; and
>
> b. Our right and duty to defend end when we have used up the applicable Limit Of Insurance in the payment of judgments or settlements or medical expenses.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Section II - Supplementary Payments.

**2.** This insurance applies:

**a.** To "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1.a. of SECTION II – WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

**3.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1.a. of SECTION II - WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

**4.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1.a. of SECTION II - WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

a. Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

b. Receives a written or verbal demand or claim for damages, or other relief, because of the "bodily injury" or "property damage"; or

c. Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

The Businessowners Coverage Form included the following relevant exclusions:

**Section II – Exclusions**

Applicable to **Coverage L - Business Liability**, this insurance does not apply to:

1. **Expected Or Intended Injury**

   a. "Bodily injury" or "property damage" expected or intended to cause harm as would be expected by a reasonable person; or

   b. "Bodily injury" or "property damage" which is the result of willful and malicious, or criminal acts of the insured.

   This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

2. **Contractual Liability**

   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   a. That the insured would have in the absence of the contract or agreement; or

   b. Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the

execution of the contract or agreement. . . .

* * *

**11. Professional Services Or Treatment**

"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service or treatment. . . .

**12. Damage To Property**

"Property damage" to:

* * *

**e.** That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations;

**f.** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it[.]

Paragraph **f.** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

**13. Damage to Your Product**

"Property damage" to "your product," arising out of it or any part of it.

**14. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

**15. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

a. A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

b. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

* * *

**20. Fungi**

**a.** "Bodily injury", "property damage", or "personal and advertising injury arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi":

**(1)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured; or

**(2)** At or from any premises, site or location on which any insured or any contraction or subcontractor working directly or indirectly on behalf of any insured is or was at any time performing operations.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or dispose of or in any way respond to or assess the effects of "fungi"; or

**(2)** Claim or "suit" seeking damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of "fungi".

> This exclusion does not apply to any "fungi" that are, are on, or are contained in, a good product intended for bodily consumption.

The Businessowners Coverage Form also included the following relevant definitions:

> **Section II – Definitions**
>
> * * *
>
> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury".
>
> * * *
>
> **7.** "Fungi" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by "fungi".
>
> * * *
>
> **9.** "Impaired Property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
>
> **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> **b.** You have failed to fulfill the terms of a contract or agreement;
>
> if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.
>
> **10.** "Insured contract" means:
>
> * * *
>
> f. That part of any other contract or agreement pertaining to your business . . . under which you

assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

* * *

**17.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**20.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical

injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**26.** "Your Product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

* * *

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

**27.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

15. OSA has tendered defense of the claims against it in the Underlying Lawsuit to State Farm, which is defending OSA pursuant to a Reservation of Rights under the Policy. There is an actual and continuing controversy between State Farm and OSA as to OSA's entitlement to coverage for defense and/or indemnity under the Policy with respect to the Underlying Lawsuit.

STATEMENT OF CLAIM

16. State Farm realleges and incorporates herein by reference the allegations in Paragraphs 1 – 15 of this Complaint.

17. The claims asserted against OSA in the Underlying Lawsuit are not for "bodily injury", "property damage", or "personal and advertising injury" as defined by the policy and endorsements.

18. The damages claimed by Kona were not the result of an "occurrence" and thus are not covered under the Policy.

19. Coverage for the claims asserted in the Underlying Lawsuit is precluded by the operation of one or more of the exclusions in the Policy,

including but not limited to Exclusion 1 for Expected Or Intended Injury; Exclusion 2 for Contractual Liability; Exclusion 7 for Pollution; Exclusion 11 for Professional Services Or Treatment; Exclusion 12 for Damage To Property; Exclusion 13 for Damage to Your Product; Exclusion 14 for Damage to Your Work; Exclusion 15 For Damage To Impaired Property Or Property Not Physically Injured; and/or Exclusion 20 Fungi.

20. The claims asserted against OSA in the Underlying Lawsuit did not first occur within the Policy period.

Wherefore, State Farm prays for relief as follows:

A. For a binding declaration that State Farm has no duty to defend and/or indemnify OSA for the claims asserted against it in the Underlying Lawsuit or for any claims that may arise out of the subject matter of the Underlying Lawsuit.

B. For attorney's fees, cost of suit and such other relief as the Court may deem appropriate under the circumstances.

DATED: Honolulu, Hawaii, February 25, 2025.

/s/Richard B. Miller
RICHARD B. MILLER
ASHLEY R. SHIBUYA
THURSTON A. KINO
Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY COMPANY

TOM PETRUS & MILLER LLLC

RICHARD B. MILLER 3729-0
Tel (808) 792-5855
rmiller@tpm-hawaii.com
ASHLEY R. SHIBUYA 10200-0
Tel (808) 792-5804
ashibuya@tpm-hawaii.com
THURSTON A. KINO 11558-0
Tel (808) 792-5827
tkino@tpm-hawaii.com
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OFF SHORE AIR INC.,<br><br>Defendant. | CIVIL NO. CV ____________<br>(Declaratory Judgment)<br><br>SUMMONS |

**SUMMONS**

To the above-named Defendant:

You are hereby summoned and required to serve upon TOM PETRUS & MILLER, LLLC, Plaintiff STATE FARM FIRE and CASUALTY COMPANY'S Attorneys, whose address is Finance Factors Center, 1164 Bishop Street, Suite 650, Honolulu, Hawaii 96813, an answer to the Complaint which is herewith served upon you, within twenty-one (21) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in this Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on the summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, ____________________________.

____________________________________

CLERK OF THE ABOVE-ENTITLED COURT